IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. BARRETT

        Petitioner,                     No. CIV S-08-2049 FCD EFB P

    vs.

M. VEAL.,

        Respondent.                 ORDER TO SHOW CAUSE

                              /

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated, the court orders petitioner to show cause why the petition should not be dismissed as moot.

      Petitioner claims that prison officials violated his due process rights by denying him the right to present witnesses at a June 16, 2006 prison disciplinary proceeding, which resulted in a loss of thirty days of behavioral credit.  Pet. at 1, 5; *see also* Pet., Ex. 2 (copy of rules violation report issued May 3, 2006, and copy of the findings from the June 16, 2006 disciplinary hearing showing that petitioner was found guilty of threatening staff and assessed a 30 day loss of behavioral credit).

////

////

Respondent filed a motion to dismiss on May 18, 2009. According to respondent, prison officials restored the thirty days of lost credits in July 2008. Resp.'s Mot. to Dism. ("Mot.") at 3, Ex. C (California Department of Corrections and Rehabilitation's Form 128G-Classification Chrono, dated July 24, 2008 and noting that the 30 days of lost credits resulting from petitioner's May 3, 2006 rules violation report are restored).[1] Respondent argues that this action should therefore be dismissed because there is no case or controversy underlying the petition. *Id.* at 1. In his opposition brief, petitioner argues that his due process rights were violated at the June 16, 2006 hearing, but does not address respondent's point that his lost credits have been restored.

Under Article III, § 2 of the federal Constitution, a federal court's jurisdiction is limited to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In habeas actions, the case-or-controversy requirement mandates that a petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by issuance of the writ. *See id.* In general, a habeas petition challenging a prison disciplinary action no longer presents such a case or controversy, and therefore becomes moot, when the punishment for the action has been withdrawn or completed. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). If a petitioner is no longer affected by a punishment, then there must be some concrete and continuing injury other than the now-ended punishment--some "collateral consequence" of the punishment--in order to avoid mootness. *Spencer*, 523 U.S. at 7. There is no presumption of a collateral consequence in prison disciplinary proceedings. *Wilson*, 319 F.3d at 481.

Respondent claims that petitioner is serving a determinate seventeen year sentence, and thus, cannot show that expunging the contested disciplinary action "is *likely* to accelerate [his]

---

[1] It is possible that 30 days of credit were restored to petitioner in connection with a different May 3, 2006 rules violation report. The document provided by respondent suggests that 30 days of lost credits that were restored in connection with a rules violation report issued on May 3, 2006, with log number 04-H-0606-018. Mot., Ex. C. Petitioner is challenging a rules violation report issued on May 3, 2006, but with log number 04-H-506-018. Pet., Ex. 2.

1 eligibility for parole" because petitioner's release is based only on the amount of credit he earns
2 of forfeits and not on parole suitability factors.  Mot. at 3 (citing *Ramirez v. Galaza*, 334 F. 3d
3 850, 858-59 (9th Cir. 2003)); *see also* Mot., Ex. A (abstract of judgment).

    If the challenged credits were indeed restored, then this court could not provide petitioner with any meaningful relief, unless petitioner could show collateral consequences as a result of having the disciplinary action on his record.

    Accordingly, IT IS HEREBY ORDERED that, within twenty-one days of the date of this order, petitioner shall show cause why this action should not be dismissed as moot.

DATED: December 7, 2009.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE