IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT E. BARRETT

      Petitioner,                      No. CIV S-08-2049 FCD EFB P

   vs.

M. VEAL,

      Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a thirty day loss of credits. Pet. at 2. According to respondent, however, prison officials restored the thirty days of lost credits in July 2008. Resp.'s Mot. to Dism. at 3, Ex. C. Therefore, respondent asserts that this action should be dismissed because there is no case or controversy underlying the petition. *Id.* at 1. On December 7, 2009, the court ordered petitioner to show cause why this action should not be dismissed as moot. Petitioner has not responded to the order.

       Under Article III, § 2 of the federal Constitution, a federal court's jurisdiction is limited to those cases which present "cases-or-controversies." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In habeas actions, the case-or-controversy requirement mandates that a petitioner must have suffered, or be threatened with, an actual injury traceable to the respondent and redressable by

1

issuance of the writ. *See id.* In general, a habeas petition challenging a prison disciplinary action no longer presents such a case or controversy, and therefore becomes moot, when the punishment for the action has been withdrawn or completed. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). If a petitioner is no longer affected by a punishment, then there must be some concrete and continuing injury other than the now-ended punishment--some "collateral consequence" of the punishment--in order to avoid mootness. *Spencer*, 523 U.S. at 7. There is no presumption of a collateral consequence in prison disciplinary proceedings. *Wilson*, 319 F.3d at 481.

Petitioner does not challenge respondent's assertion that petitioner's lost credits were restored. Nor does petitioner identify any collateral consequences or cognizable injury. Therefore, this court cannot provide petitioner with any meaningful relief.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE